**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FREDERICK COLLAZO, JR., Petitioner, | **Hon. Michael A. Shipp** |
| | Civil No. 13-0809 (MAS) |
| v. | |
| STATE OF NEW JERSEY, et al., Respondents. | **OPINION** |

**APPEARANCES:**

FREDERICK COLLAZO, JR., #41170
Warren County Correctional Center
175 County R. 519
S. Belvidere, NJ 07823
Petitioner Pro Se

RECEIVED
APR 12 2013
AT 8:30____M
WILLIAM T. WALSH CLERK

**SHIPP**, District Judge:

Petitioner Frederick Collazo, Jr., filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pretrial confinement at Warren County Correctional Center pursuant to a state criminal prosecution. See State v. Collazo, Crim. No. 2012-06-00227-I (N.J. Super. Ct., Law Div., Warren County) (Dkt. 1 at 3, 16.) For the reasons expressed below, this Court will dismiss the Petition.

## I. BACKGROUND

Petitioner, who is a pretrial detainee incarcerated at Warren County Correctional Center in New Jersey on state criminal charges, filed a § 2241 Petition seeking release. He asserts that he was arrested on January 4, 2012, on drug and other charges, and he has been confined in

pretrial detention since that date. He further asserts that because he was on state parole at the time of the arrest, the New Jersey State Parole Board lodged a parole revocation detainer (state warrant # B01-15427) and, at his request, the parole board postponed adjudication of the parole revocation pending the outcome of the new charges. He alleges, however, that he has not been released on bail, in part due to the parole detainer. He seeks a writ of habeas corpus releasing him from pretrial detention on the following grounds, which are quoted below:

> Ground One: Officer Mcdonald provided me with a warrant that was not signed by the Judge. He also used what was found in the search to obtain probable cause. Then attempted to cover up the first affidavit with another affidavit both affidavits support the same arrest & search.
>
> Ground Two: Please see "attached" affidavit of truth dated Nov. 18th 2012 & proofs, along with complaints filed in US District court. Also affidavit of truth dated 1-3-2013.

(Dkt. 1 at 7, 8.)

Petitioner asks this Court to grant the following relief:

> I have been here for a year already with an outstanding bail. And am asking the court to relieve me of my pre-trial detention with an immediate ROR so that I can be provided with a proper and sufficient law library or seek an immediate dismissal on all charges. Also would like to be released while this writ is in progress. My attorney won't argue the issues raised in my affidavit of truth[.] Please release me to my family so I can fight my case from the street. Thank you.

(Dkt. 1 at 9.)

Collazo attached several documents to the Petition: affidavit of truth of Frederick Collazo, Jr., dated November 18, 2012; affidavit of truth of Frederick Collazo, Jr., dated January 3, 2013;[1] letter from Warren County Prosecutor dated November 21, 2012, regarding State v.

[1] The affidavits of truth concern Petitioner's arrest on January 4, 2012, and his New Jersey criminal prosecution. (Dkt. 1 at 10-15.)

Collazo, Indictment No. 2012-06-00227-I; three typed pages concerning Brady v. Maryland, 373 U.S. 83 (1963); Search Warrant Approval Form dated January 4, 2012; two pages from Appendix to Part I Code of Judicial Conduct; N.J. Rules 3:5-2 and 3:5-3; Incident Report Form dated January 4, 2012, concerning a meeting with a confidential informant and the sale of ecstasy by Frederick Collazo, Jr., at 316 Warren Street; Incident Report Form dated February 2, 2012, concerning information provided by a confidential informant; affidavit of probable cause of Det. James McDonald dated January 4, 2012; affidavit of Phillipsburg Police Officer James McDonald dated January 4, 2012; search warrant dated January 4, 2012, for premises located at 316 Warren Street, Phillipsburg, New Jersey, and person of Frederick Collazo, Jr.; Return of Search Warrant in State v. Collazo dated February 8, 2012; N.J. Rule 3:5; and judgment of conviction in State v. Giuerra-Arias, No. 12-10-00425-A (N.J. Super. Ct., Law Div., Dec. 21, 2012). (Dkt. 1 at 10-46.)

## I. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled

to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

## III. DISCUSSION

A district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person who is in custody pursuant to an untried state indictment.[2] See Maleng v. Cook, 490 U.S. 488, 490 (1989); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Mokone v. Fenton, 710 F.2d 998, 999 (3d Cir. 1983); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975). While this Court has jurisdiction under 28 U.S.C. § 2241 to entertain this pretrial habeas corpus Petition, it is clear that such relief should not be granted at this time to Collazo because "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)). Moreover, the doctrine of Younger v. Harris, 401 U.S. 37 (1971), forbids federal court interference in pending state criminal proceedings.[3] As the Supreme Court explained over 100 years ago,

---

[2] Section 2241(c)(3) provides:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

[3] In Younger, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances. See also Samuels v. Mackell, 401 U.S. 66, 69-73 (1971) (Younger abstention (continued...)

> We are of the opinion that while the . . . court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

Ex parte Royall, 117 U.S. at 251.

The proper procedure for Collazo is to exhaust his constitutional claims before all three levels of the New Jersey courts and, if he is unsuccessful, to thereafter present them to this Court in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Moore, 515 F.2d at 449. As the Third Circuit observed in regard to a pretrial § 2241 petition asserting violation of the right to a speedy trial,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial

[3](...continued)
doctrine applies to declaratory judgment actions).

> federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981).

In this case, Collazo did not exhaust state court remedies and he has not shown that exceptional circumstances of peculiar urgency exist in this case. Upon careful review, this Court finds that Collazo's habeas petition does not present any extraordinary or exceptional circumstances and is an attempt "to litigate constitutional defenses prematurely in federal court." Moore, 515 F.2d at 445. Petitioner is not entitled to a pretrial Writ of Habeas Corpus and this Court will dismiss the Petition without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2254 after Petitioner exhausts remedies available in the courts of the State of New Jersey. See Duran v. Thomas, 393 Fed. App'x 3 (3d Cir. 2010) (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail).

**IV. CONCLUSION**

Based on the foregoing, this Court will dismiss the Petition.

**MICHAEL A. SHIPP, U.S.D.J.**

Dated: 4/12/13, 2013